**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
CHRISTOPHER L. HUGGINS,             :
                                    :  Civil Action No. 08-2615 (FLW)
              Petitioner,           :
                                    :
         v.                         :     **M E M O R A N D U M**
                                    :         **O R D E R**
ATTORNEY GENERAL OF THE STATE       :
OF NEW JERSEY, et al.,              :
                                    :
              Respondents.          :
_____:

    This matter comes before the Court upon Petitioner's filing of petition for a Writ of Habeas Corpus ("Petition"); and

    IT APPEARING THAT:

1.  The Clerk received the Petition, filed pursuant to 28 U.S.C. § 2254, on May 28, 2008, together with applicable filing fee. See Docket Entry No. 1.

2.  The Petition, a sixteen-page document drafted in a patchy style complicating understanding of the document, asserts that Petitioner was civilly committed after being found not guilty by reason of insanity ("NGRI"). See id. at 1.

3.  The Petition states, as Petitioner's Ground One, that he is "not contesting [the] initial decision [of his civil commitment rendered on] 10/16/06[, but rather he is] contesting [the order of civil commitment rendered] on 8/29/07." See id. at 5. Petitioner also states that his

      Ground One challenges were not exhausted in state courts because his counsel "failed to offer [him an] opportunity for appeal [and] advised to wait [for Petitioner's next civil commitment hearing, which was to take place in] 6 months." Id. at 6.

4. Although not listing the challenge as his Ground Two,[1] Petitioner further asserts that, during his next "February 28[,] 2008 [hearing, a certain doctor] submitted [a] report recommending discharge [but Petitioner's request for release] was denied[,] and [he was] returned to involuntary [civil] commitment for another 6 months." Id. at 7. With respect to the latter allegation, Petitioner asserts that he appealed that decision to the Superior Court of New Jersey, Appellate Division, and, in response, the Appellate Division "said [that Petitioner] could not appeal." Id. at 8. According to the Petition, that statement was part of the Appellate Division's order dated April 18, 2008 ("April 18 Statement"). See id. at 7.

5. Petitioner's Ground Three reads as follows: "Violation of Americans with Disabilities [A]ct," and provides the following statements as supporting facts: "Denial of due process. Violation of equal protection. Violation of

---

[1] It appears that Petitioner skipped the page expressly listing his Ground Two allegations. See generally, Docket Entry No. 1.

      CRIPA. Not presently a danger to my[]self was given higher level of privil[e]ges, recomme[n]d for discharge. Told multiple times from doctors if I was a 'civil patient' I would be discharge[d]. Admissible hearsay." <u>Id.</u> at 8. Although Petitioner does not specify which order of civil commitment he is challenging in his Ground Three, he states that he appealed that order to the Superior Court of New Jersey, Appellate Division, and his appeal resulted in the April 18 Statement. His claim that he appealed his Ground Three notwithstanding, Petitioner also asserts that "exhaustion rules do not require [him to] continue but seek and be denied even if decision was erroneous since <u>Krol</u> order does serve as a 'final order.' <u>State v. Fields</u>." <u>Id.</u> at 10.

6.    Finally, Petitioner's Ground Four reads, "I am capable to live on my own or with the help of supportive family and friends," and refers to the testimony given during Petitioner's February 28, 2008, hearing. Same as with respect to his Ground Three, Petitioner asserts that: (a) he appealed that order to the Superior Court of New Jersey, Appellate Division, and his appeal resulted in the April 18 Statement; and (b) "exhaustion rules do not nec[essi]tate nor in the states econ[o]mic interest of [unreadable] state

     refuses to review, to file for appeal.  Prohibited from filing appeal." Id. at 11.

7.   A single exhibit accompanies the Petition; that exhibit is the April 18 Statement from the Appellate Division.  The April 18 Statement reads, in its entirety, as follows:

>                          SECOND NOTICE
>    Re: State of New Jersey vs Christopher Lloyd Higgins
>      We are returning, unfiled, the enclosed money order #12143356762 in the amount of $30 and other documents, as our computer docket does not show a pending appeal or motion filed under the caption set forth therein.  The appellate Court Clerk's office is a "filing" office.  This office does not investigate problems, provide legal representation, nor give legal advice.  It appears that no written final judgment, decision or action has yet been entered for which an appeal can be filed.  Therefore, we are returning, unfiled, the enclosed above noted documents.  When your case is decided at the trial court level and should you wish to request legal assistance with filing this matter at that time, you should contact the office of the Public Defender, Appellate Section -- ninth floor, P.O. Box 46012, 31 Clinton Avenue, Newark, NJ 07101.  However, should you wish to represent yourself, a Pro Se kit can be forwarded after you have been sentenced.  Please be advised that the Court rules provide that you can file an appeal within 45 days of the order/judgment from which you seek appellate review.

> Id. at 17.

8.   Petitioner's Ground One, challenging his order of civil commitment rendered on August 29, 2007, presents a petition different from that comprised of his Grounds Two to Four, apparently challenging his current order of civil commitment, which was entered on February 28, 2008, and

4

superceded the August 29, 2007, order.[2] Since Petitioner expressly states that his August 29, 2007, order has been superceded by his current order of commitment, Petitioner is not "in custody" pursuant to his August 29, 2007, order, and this Court has no jurisdiction of his challenges to that order.[3] Having no jurisdiction over Petitioner's challenges to his August 29, 2007, order, this Court finds it futile to open a new and separate matter for the purposes of entertaining a challenge over which it has no jurisdiction

---

[2] Habeas Rule 2 provides that a petitioner who seeks relief from different judgments rendered by state courts must file a separate petition covering each separate judgment. See Habeas Rule 2(e). Thus, Petitioner cannot challenge both his 2007 and current orders of civil commitment in the same action.

[3] Section 2254 provides, in pertinent part, that

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis supplied). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the very order he is attacking when the petition is filed, in order for this Court to have jurisdiction. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (per curiam). Indeed, no court has held that a habeas petitioner is in custody when a sentence imposed by the order he is challenging had fully expired at the time the petition was filed. The Supreme Court held in Maleng, 490 U.S. at 492, "that, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." See also Spencer, 523 U.S. at 7.

5

and construes the instant Petition as Petitioner's Ground Two to Four challenges to his current order of commitment.

9. Petitioner alleges, simultaneously, that he "exhausted" these Grounds, and that exhaustion should be refused because the Appellate Division "said [that Petitioner] could not appeal," "exhaustion rules do not require [him to] continue but seek and be denied even if decision was erroneous since Krol order does serve as a 'final order,'"[4] and because

---

[4]

In State v. Krol, 68 N.J. 236 (N.J. 1975), the New Jersey Supreme Court endorsed the broad principle that the standard for the involuntary commitment of persons found NGRI should be substantially the same as that applied to others who are civilly committed. Id. at 297-99. The Court then prescribed procedures to implement this principle. Under Krol, when a defendant is found NGRI, the criminal court may order that the defendant "be confined in a suitable mental institution for a period of 60 days for observation and examination." Id. at 300. The Krol Court continued:

> Within this period, the State may move for indefinite commitment on the ground that defendant is mentally ill and, if permitted to remain at large in the general population without some restraints, is likely to pose a danger to himself or to society. If, following a hearing, the court finds that the State has shown by a preponderance of the evidence that defendant is mentally ill and is likely to pose such a danger, it should order suitable restraints placed upon defendant's liberty so as to protect the public and provide defendant with appropriate treatment.

Id. (footnotes omitted). . . . In State v. Fields, 77 N.J. 282, 390 A.2d 574 (N.J. 1978), the state supreme court imposed additional requirements. The Fields Court held that persons who are civilly committed after a verdict of NGRI are entitled to periodic review of

6

"exhaustion rules do not nec[essi]tate . . . appeal[, and Petitioner was] prohibited from filing appeal."  Docket Entry No. 1, at 7-11.

10. A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) ("prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").  The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v.

---

the continued validity of the restraints on their liberty and that the state must bear the same burden of proof at these proceedings as it bore when the person was firs. . . ; N.J. Court Rules 3:19-2 and 4:74-7. Under the New Jersey procedures, NGRI acquittees are generally treated the same as others when civil commitment is initially sought and when a periodic review proceeding is held, [although] there are some differences.

Artz v. Barnhart, 330 F.3d 170, 172 (3d Cir. 2003).

Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).  A petitioner must exhaust state remedies by presenting each of his federal constitutional claims to each level of the state courts empowered to hear those claims.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Only if a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.  The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson, 987 F.2d at 987.

11. Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also

has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.  Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513;  Toulson, 987 F.2d at 987-89.  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  Picard v.

Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines, 544 U.S. at 276-77 (quoting Rose, 455 U.S. at 520). The Court of Appeals for the Third Circuit guided that, "exhaustion is [presumed] not possible [only if] the state court . . . find[s] the claims procedurally defaulted" and a state court review is, therefore, unavailable. Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989). In determining whether state court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims.[5] Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless [an actual] state court decision exists indicating that a habeas

---

[5] Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138.

petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for non-exhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.  For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds.  The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief.  Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification.  The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court.  The Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential

11

procedural bars were likewise subject to relaxation.[6] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989; compare Cabrera v. Barbo, 175 F.3d 307, 312-314 (3d Cir. 1999) (affirming dismissal of claims as procedurally defaulted after a New Jersey court had *in fact refused* to consider the petitioner's federal claims because they were procedurally barred).

12. Here, the April 18 Statement (which is the "SECOND NOTICE" letter to Petitioner from the Appellate Division) does not indicate that Petitioner is barred from filing an appeal. It is apparent from the face of the letter that the Appellate Division presumed that Petitioner was appealing his criminal conviction (it refers to "after you have been sentenced"), and the sole reason for return of Petitioner's

---

[6] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

fee and accompanying documents was the Appellate Division inability to locate the actual order Petitioner was challenging. Moreover, the clerk's office expressly notified Petitioner that the office was unable to investigate any problems or give advices. For these purposes, the office referred Petitioner to the office of Public Defender. Hence, no statement made by the Appellate Division could be construed as a state court decision indicating that Petitioner was precluded from the state court review.[7] Moreover, even if this Court were to

---

[7]

Pursuant to 28 U.S.C. § 2254(b)(1), exhaustion is excused if a return to state court would be futile because of "an absence of available State corrective process[,] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." "Futility" exists where: "a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field," Allen v. Attorney General of Maine, 80 F.3d 569, 573 (1st Cir. 1996); where the state provides no means of seeking the relief sought, Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir. 1991), Dawan v. Lockhart, 980 F.2d 470, 475 (8th Cir. 1992); or where the state courts have failed to alleviate obstacles to state review . . . , Hollis v. Davis, 941 F.2d 1471, 1473-1475, 1479 (11th Cir. 1991), cert. denied, 503 U.S. 938, 117 L. Ed. 2d 621, 112 S. Ct. 1478 (1992).

Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000). In Hollis v. Davis, 941 F.2d at 1473-75, The Eleventh Circuit addressed the scenario where state courts repeatedly refused to act on a petitioner's pro se pleadings because they were "barely legible" and "largely incomprehensible," and "returning to state

construe, hypothetically, the "Second Notice" as an actual court order, Petitioner's admitted failure to seek review of the Appellate Division's alleged prohibition to file an appeal through an application for certification to the Supreme Court of New Jersey unambiguously indicates that his Petition is unexhausted. Finally, Petitioner's allegations that orders ensuing from <u>Krol</u> hearings must be excused from exhaustion has no merit, as directly contradicting the policies of comity and federalism. <u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-18. Consequently, this Court is constrained to dismiss the Petition (construed as consisting of Grounds Two to Four Challenges to Petitioner's order of February 28, 2008) as unexhausted.[8]

---

court would be futile" because "[w]ithout counsel, . . . [petitioner's] submissions are sure to get nowhere," and state refused to guarantee that petitioner would be appointed counsel "to help him with state filings, if his federal petition was again dismissed for failure to exhaust state remedies." Here, in contrast, the Appellate Division encouraged Petitioner to seek appellate review and provided him with information of the Public Defender's office, in order to assist him in that endeavor. Consequently, since an application to New Jersey state courts does not appear futile in Petitioner's case, and New Jersey courts provides litigants with constitutionally sufficient corrective process, Petitioner's challenges do not qualify for an exception to the exhaustion requirement.

[8] Notably, the same conclusion applies if the Court were to construe the Petition as Petitioner's challenge to his 2007 order of commitment (<u>i.e.</u>, address his unexhausted Ground One challenges), since Petitioner expressly acknowledges that his challenges to that order were unexhausted.

14

**THEREFORE IT IS** on this 30th day of May, 2008,

**ORDERED** that the Petition is dismissed for failure to exhaust state remedies, pursuant to 28 U.S.C. § 2254, WITHOUT PREJUDICE to Petitioner's filing a petition setting forth claims: (a) which are challenging Petitioner's order of civil commitment, pursuant to which Petitioner is in custody at the time of his filing of such petition; and (b) with respect to which Petitioner has bona fide grounds to assert either that these claims were duly exhausted at all levels of state court or that these claims are subject to exceptions to the exhaustion requirement, pursuant to 28 U.S.C. § 2254(b)(1);[9] and it is further

**ORDERED** that the a certificate of appealability will not issue, pursuant to 28 U.S.C. § 2253(c), because jurists of reason would not find it debatable that dismissal of the Petition's challenge to his order of civil commitment as unexhausted is correct, see Slack v. McDaniel, 529 U.S. at 484; and it is finally

---

[9] This Court, being mindful of Petitioner's apparent interest in challenging his current order of civil commitment, as well as the fact that Petitioner is due for his next Krol hearing in the near future (which, unless Petitioner is released, would result in an order of civil commitment superceding the one, pursuant to which Petitioner is currently "in custody") processed Petitioner's application on an urgent basis in order to ensure Petitioner's ability to submit, if he so desires, a challenge to his instant order of civil commitment by stating claims, if any, which might qualify for exceptions to the exhaustion requirement.

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular U.S. mail and close the file in this matter.

/s/Freda L. Wolfson
**FREDA L. WOLFSON**
**United States District Judge**